IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § § | |
| Marketspace Capital, LLC | § § | Case No. 24-32660 |
| *Alleged Debtor* | § § § | |
| Spur Platinum Spot at Anderson Fund, LLC, *Petitioning Creditor* | § § § | |
| v. | § § | Involuntary Proceeding |
| Marketspace Capital, LLC *Alleged Debtor.* | § § § | |

## MOTION TO DISMISS INVOLUNTARY PETITION

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THIS MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN TWENTY-ONE (21) DAYS FROM THE DATE THAT THIS MOTION WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED; IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

TO THE HONORABLE JEFFERY P. NORMAN, U.S. BANKRUPTCY JUDGE:

COMES NOW, Marketspace Capital, LLC ("Marketspace" or "Alleged Debtor"), and hereby files its *Motion to Dismiss Involuntary Proceeding* and would respectfully show as follows:

## JURISDICTION AND AUTHORITY

1. This Court has jurisdiction over this motion pursuant to 28 U.S.C. § 1334. This matter is a core proceeding under 28 U.S.C. § 157(b). This Court has the constitutional authority to enter a final order in this matter.

## BACKGROUND FACTS

2. Spur Platinum Spot at Anderson Fund, LLC is a Texas limited liability company ("Spur").

3. Marketspace is a Texas limited liability company.

4. On November 9, 2022, Spur filed a lawsuit against Marketspace in the 61st Judicial District Court in Harris County, Texas ("State Court").

5. On February 28, 2023, Spur filed a motion for traditional summary judgment.

6. On March 6, 2023, Marketplace filed a motion for traditional summary judgment.

7. Marketspace's motion for traditional summary judgment was denied by the State Court on March 20, 2023.

8. Spur's motion for traditional summary judgment was denied by the State Court on March 23, 2023.

9. On August 7, 2023, Spur filed a motion for rehearing on its traditional summary judgment.

10. On August 9, 2023, Marketspace filed a response to the motion for rehearing on its summary judgment.

11. On August 21, 2023, the State Court denied Spur's motion for rehearing.

12. Trial on the merits of the case was set for the two-week period beginning June 17, 2024, however Marketspace was not contacted by the State Court that the case was set for trial. Further, the State Court has not reset the trial date as of the filing of this motion.

13. On June 6, 2024, Spur filed an Involuntary Petition Against a Non-Individual, such individual being Marketspace (the "Involuntary Petition").

## ARGUMENT

14. Spur fails to satisfy the standing requirements of §303(b), as Spur's claim is subject to a bona fide dispute as to liability or amount.

15. Spur fails to satisfy the standing requirements of §303(b)(1), because Marketspace has more than twelve creditors.

16. Furthermore, the Fifth Circuit in *In re Green Hills Development Co., L.L.C.* has provided that, "[g]iven that a debtor may demonstrate the existence of a bona fide dispute without filing a separate lawsuit, a creditor whose claim is the object of unresolved, multiyear litigation should not be permitted to short-circuit that process by forcing the debtor into bankruptcy. The § 303(b) requirement exists to prevent that very use of involuntary bankruptcy." This is exactly what Spur is attempting to do here. As such, this Court should find that Spur's claim is clearly subject to a bona fide dispute.

## RELIEF REQUESTED

17. Upon dismissal of the Involuntary Petition, Marketspace requests a judgment against the Spur for reasonable attorney fees. 11 U.S.C. § 303(i)(1).

18. Spur has filed this Involuntary Petition in bad faith, and upon dismissal Marketspace requests a judgment against Spur for damages proximately caused by the filing, or in the discretion of the court, punitive damages. 11 U.S.C. § 303(i)(2).

WHEREFORE, PREMISES CONSIDERED, Marketspace requests this Court to dismiss the Involuntary Petition, award it a judgment against Spur for attorney fees, damages, and punitive damages, and for such other and further relief, at law or in equity, to which it may be justly entitled.

DATED: July 2, 2024

Respectfully submitted,

**TRAN SINGH LLP**

By: */s/Brendon Singh*
Susan Tran | TBN: 24075648
Brendon Singh | TBN: 24075646
Mayur M. Patel | TBN: 24043863
2502 La Branch Street
Houston TX 77004
Ph: (832) 975-7300
Fax: (832) 975-7301
BSingh@ts-llp.com
**ATTORNEYS FOR
MARKETSPACE CAPITAL, LLC**

**CERTIFICATE OF SERVICE**

I hereby certify that on this 2nd day of July 2024, a true and correct copy of the foregoing was filed electronically with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record who have registered to receive electronic service.

*/s/Brendon Singh*
Brendon Singh